UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA A. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV888 CDP |
| ) | |
| STAFF MANAGEMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Barbara A. Davis, acting pro se, brings this action alleging employment discrimination under state and federal law. This matter is before the Court on defendant's motion to dismiss plaintiff's amended complaint. Defendants argue that Davis's claims are untimely, that Davis failed to exhaust her administrative remedies, or, alternatively, that Davis's complaint fails to state a claim upon which relief can be granted. Because I find that Davis's state allegations are untimely and her federal allegations fail to state a claim upon which relief can be granted, I will grant the motion to dismiss.

**I.    Background**

On November 5, 2010, Davis filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.075, that claim was dually filed with the Missouri Commission on Human Rights ("MCHR"). In that

claim, she alleged that she was discharged on April 5, 2010, and by virtue of that discharge, she was "discriminated against due to [her] race, African American, in violation of Title VII of the Civil Rights Act of 1964." She received a right to sue letter from the EEOC on November 5, 2010, and from the MCHR on February 7, 2011.

Davis originally filed her complaint in the Circuit Court of St. Louis County on February 2, 2011, and it was removed to this court by Staff Management on May 17, 2011. Davis's original petition alleged wrongful employment termination. When Staff Management filed a motion to dismiss, this Court held a hearing on June 28, 2011, and granted Davis leave to amend her complaint to further articulate her claim and attach her right to sue letter. Davis filed her amended complaint on July 13, 2011. Her primary allegation was that a white supervisor named Renee called her "Barbara Jones" instead of Barbara Davis and laughed when Davis tried to correct her. Over the next several days, she also submitted a right to sue letter from the MCHR and a letter from Staff Management explaining the reason for her dismissal.

On July 27, 2011, Davis filed a supplement to her amended complaint. It included allegations that another white supervisor named Jake got angry and yelled at her for leaving the assembly line to remove defective products from shipping boxes. She also alleged that African Americans were being terminated

from the company "nearly on a daily basis" and that she "couldn't figure out what had caused [them] to lose their jobs."  Additionally, she alleged that normally the company's management gets involved in termination decisions, but Davis never received any such meeting.  She summarized the basis of her claims by stating that she was "wrongfully terminated" and "received inhuman (sic) treatment."  Her amended complaint seeks $10 million in actual damages and $20 million in punitive damages.

**II.**   **Discussion**

Defendants have moved to dismiss this case for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a Rule 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To avoid dismissal for failure to state a claim, the plaintiff must allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

It is not clear from Davis's pleadings whether her employment discrimination allegations raise a claim under the MHRA or under Title VII.  Because pro se complaints must be liberally construed, *Estelle v. Gamble*, 429

U.S. 97, 106 (1976), and "pro se litigants are held to a lesser pleading standard than other parties," *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), I will analyze her claim under both statutory frameworks.

In order to raise a claim under the MHRA, an employee must file a charge with the MCHR within 180 days of the last alleged act of discrimination, setting forth the nature of the discrimination. Mo. Rev. Stat. § 213.075(1); *Southwestern Bell Tel. Co. v. Comm'n on Human Rights*, 863 S.W.2d 682, 684 (Mo. Ct. App. 1993). The MCHR and the EEOC have a work-sharing agreement, in which complaints filed with the EEOC are considered to be dually filed with the MCHR on the same date. Mo. Rev. Stat. § 213.075(2); *Hill v. St. Louis Univ.*, 123 F.3d 1114, 1118 (8th Cir. 1997). "Any act of discrimination occurring outside this 180-day period is considered 'merely an unfortunate event in history which has no present legal consequences.'" *Pollock v. Wetterau Food Distrib. Grp.*, 11 S.W.2d 754, 763 (Mo. Ct. App. 1999) (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 557 (1977)).

Defendant argues that Davis's complaint is untimely under the MHRA and therefore must be dismissed. According to the complaint, Davis was terminated from employment with Staff Management on April 5, 2010. She did not file her charge with the EEOC, and thereby with the MCHR, until November 5, 2010,

4

Case: 4:11-cv-00888-CDP   Doc. #: 31   Filed: 10/13/11   Page: 5 of 9 PageID #: 144

which was 214 days after the last alleged act of discrimination. Consequently, Davis's claim under the MHRA is time barred.

Alternatively, Davis may be asserting a claim arising under Title VII. An employee filing a complaint under Title VII generally must file a complaint within 180 days from the time of the alleged unemployment practice, but that time period is extended to 300 days if the employee "institute[s] proceedings with a State or local agency with authority to grant or seek relief" from unlawful employment practices. 42 U.S.C. § 2000e-5(e)(1); *see also Edelman v. Lynchburg College*, 535 U.S. 106, 109 n.1 (2002). Missouri qualifies as a deferral state under this statute "because it has authorized the [MCHR] to process charges of employment discrimination," so the 300-day filing period applies "when a charge is filed first with the [MCHR] by either the complainant or the EEOC." *Shepherd v. Kansas City Call*, 905 F.2d 1152, 1153 (8th Cir. 1990). Thus, the claimant is deemed to have initially filed the complaint with the state agency if the EEOC forwards it to the state agency, *Mohasco Corp. v. Silver*, 447 U.S. 807, 816 (1980), pursuant to a work-sharing agreement such as the one between the EEOC and the MCHR.

Staff Management's reliance on the 180-day time period for filing a complaint with the EEOC is misplaced under the circumstances of this case. Even if the employee's initial claim under the state law is untimely, it still triggers the 300-day filing period for the federal action. *See EEOC v. Commercial Office*

5

*Prods. Co.*, 486 U.S. 107, 110 (1988); *EEOC v. Shamrock Optical Co.*, 788 F.2d 491, 493 (8th Cir. 1986) ("'[W]e hold that deferral state claimants are not required to make a timely filing with the state agency before the federal 300 day filing period applies.  All that is required is that a filing with a state agency be made with sufficient time to allow an effective filing with the EEOC within 300 days after the discriminatory act.'") (quoting *Rasimas v. Mich. Dept. of Mental Health*, 714 F.2d 614, 622 (6th Cir. 1983).  Therefore, even though Davis's state claim was untimely filed with the MCHR, her federal claim was timely filed with the EEOC, so Staff Management's motion to dismiss Davis's Title VII claim on this basis fails.

Staff Management alternatively argues that Davis's claim should be dismissed because she failed to properly exhaust her administrative remedies.  Exhaustion of administrative remedies entitling a claimant to bring a cause of action under Title VII "requires a claimant to give notice of all claims of discrimination in the administrative complaint."  *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).  A plaintiff may thereafter "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998).  Though the allegations in the administrative complaint must be construed liberally, *Cobb v. Stringer*, 850 F.2d 356, 359 (8th

6

Cir. 1998), "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . ." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation marks and citation omitted).

In this case, Davis's claims of racial harassment that dominate her complaint are not like or reasonably related to her administrative claim of discriminatory discharge. Davis's entire EEOC charge stated as follows:

> 1. I was hired by the above referenced employer on February 1, 2010. My position was Production Worker earning $7.25/hour. My direct supervisor was Renee (last name unknown). I was discharged on April 5, 2010.
>
> 2. I was informed by Renee on April 5, 2010, that I was being discharged because three Technicians said "I had words."
>
> 3. I believe that I have been discriminated against due to my race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that I was discharged.

Her complaint, liberally construed, alleges both that her termination was discriminatorily motivated and that she was harassed throughout the course of her employment. The Eighth Circuit has held that a discrete event, such as a discriminatory discharge or a failure to promote, is not like or reasonably related to claims of ongoing racial harassment. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838-39 (8th Cir. 2002); *Tart v. Hill Behan Lumber Co.*, 31 F.3d

668, 670 (8th Cir. 1994)  Therefore, all of Davis's assertions regarding racial harassment may not be considered as part of her complaint because they are not related to her claim of discriminatory discharge.  The only allegations in her complaint regarding the termination itself are a bare statement that she was wrongfully terminated "due to race discrimination" and her assertion that she never received a meeting with the defendant's management regarding her termination.  Thus, only those two allegations were properly exhausted and may be considered by this Court.

Regarding those two remaining allegations, Staff Management further argues that Davis's complaint fails to state a claim upon which relief can be granted.  To avoid dismissal for failure to state a claim under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Even assuming the factual allegations of the complaint are true, Davis has failed to allege sufficient facts to support a claim of discrimination of Title VII.  Davis's allegation that she was wrongfully terminated because of race

discrimination is nothing more than a legal conclusion, unsupported by any facts. Furthermore, she does not allege that race had anything to do with her claim that she did not receive a meeting with company management following her termination. Therefore, Davis has failed to state a claim upon which relief may be granted, and I will dismiss her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's amended complaint [#21] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's motion for denial of defendant's motion to dismiss [#25] is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for the issuance of subpoenas [#27] is DENIED as moot, and defendant's motion to strike [#30] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of October, 2011.